(No. 853—Claimant awarded $1375.00.)

W. O. POTTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1925.*

FEES AND SALARIES—*salary of city judge—how fixed.* The salary of a city judge is not fixed by law, but by the number of inhabitants of the city in which he is elected. (*Sheldon* v. *State,* 4-C. C. Rep. 353 followed.)

SIMS, WELCH, GODMAN & STRANSKY, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a case brought by the claimant for the purpose of recovering for additional compensation for service as judge of the city court for the City of Marion, Illinois, from June 24, 1919, to October 1, 1922, it having been stipulated between the parties that the City of Marion as fixed by the census of 1910 was 7,093, that on January 1, 1920, federal census showed the population of said City of Marion was 9,582, and that no other census was taken prior to October 1, 1922, and that said claimant was paid a salary of $1,500.00 per annum during his entire term; that he demanded his salary at the rate of $2,000.00 per annum from and after January 1, 1920.

As heretofore stated by this court in the case of *Sheldon* v. *State of Illinois,* 4 Court of Claims Reports 353.

The salary of a city judge is not fixed by law, but by the number of inhabitants of the city in which he is elected.

It is the opinion of this court that no reason appears from the record in this case that any departure should be made from the rules of the court in the Sheldon case above mentioned.

It is therefore recommended by this court that the claimant be allowed the sum of $1375.00 as additional salary based

upon the population of the City of Marion for the period of two and three-fourths years.